[USAO#2009R00914/MN]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
APR 14 2010
AT 8:30
WILLIAM T. WALSH   M
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 10-257(JAP)-01 |
| v. | 18 U.S.C. § 1960 and § 2 |
| | 18 U.S.C. § 982(a)(1) |
| YESHAYE EHRENTAL | |
| a/k/a "Yeshayahu Ehrental" | |
| a/k/a "Yishay Ehrental" | **I N F O R M A T I O N** |

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

a. Yeshaye Ehrental, a/k/a "Yeshayahu Ehrental" and "Yishay Ehrental" ("defendant EHRENTAL"), resided in Brooklyn, New York, and operated an office in Brooklyn.

b. Eliahu Ben Haim (hereinafter, "Ben Haim") resided in the Elberon section of Long Branch, New Jersey, and was the principal rabbi of Ohel Yaacob Congregation, a/k/a Ocean Avenue Synagogue, a synagogue located in Deal, New Jersey. Through his position as a rabbi, Ben Haim operated several purportedly charitable organizations, including Congregation Ohel Eliahu, Friends of Yechave Da'at and Congregation Yehuda Yaaleh.

c. There was a Co-schemer who resided in Israel and was the principal source of cash for defendant EHRENTAL (hereinafter, the "Co-schemer").

  d. There was a cooperating witness (hereinafter, the "CW") who had been charged in a federal criminal complaint with bank fraud in or about May 2006.

  2. At all times relevant to this Information:

  a. The law of the State of New Jersey, N.J.S.A. 17:15C-4(a), provided that "no person . . . shall engage in the business of money transmission without a license. . . ." Violations of this law were punishable as a felony.

  b. The law of the State of New York, McKinney's Banking Law § 641, provided that "[n]o person shall engage in the business . . . of receiving money for transmission or transmitting the same, without a license . . . ." Violations of this law were punishable as a misdemeanor.

  c. Federal law provided that "[a]ny person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury. . . ." See 31 U.S.C. § 5330(a)(1).

  d. Neither defendant EHRENTAL, Ben Haim, the Co-schemer, nor any business affiliated with any of them, was licensed with the States of New Jersey or New York or registered with the Secretary of the Treasury as a money transmitting business.

3. At various times relevant to this Information:

a. Ben Haim agreed to accept and accepted checks from the CW and others made payable to one of Ben Haim's purported charitable organizations. In return for those checks, Ben Haim agreed to return and returned cash to those individuals, less a fee of approximately ten percent for conducting the transactions.

b. After depositing the checks into bank accounts under his control at financial institutions in Deal and Long Branch, New Jersey, Ben Haim wired all or a substantial portion of the proceeds to the Co-schemer in Israel or, at the Co-schemer's direction, to bank accounts located in the United States or elsewhere.

c. In return for a fee from Ben Haim of approximately 1.5 percent, the Co-schemer made cash available to Ben Haim through defendant EHRENTAL to return to the individuals who had submitted checks to Ben Haim.

d. From his office in Brooklyn, defendant EHRENTAL made arrangements to transfer the cash to Ben Haim or to the CW on Ben Haim's behalf in telephone calls to and from Ben Haim and the CW in New Jersey.

e. Defendant EHRENTAL subsequently transferred the cash to the CW or Ben Haim at defendant EHRENTAL's office in Brooklyn. On or about the following dates, at defendant EHRENTAL's office in Brooklyn, defendant EHRENTAL transmitted cash in the following

amounts to Ben Haim or the CW:

| DATE OF CASH TRANSFER | AMOUNT OF CASH TRANSFERRED |
|---|---|
| August 24, 2007 | $19,660 |
| September 12, 2007 | $100,000 |
| February 7, 2008 | $50,000 |
| March 16, 2008 | $50,000 |
| April 2, 2008 | $20,250 |
| May 15, 2008 | $65,000 |

In those instances in which defendant EHRENTAL transferred cash to the CW, the CW delivered the cash to Ben Haim in Deal and Long Branch, New Jersey.

4. From in or about June 2007 to in or about July 2009, in Monmouth County, in the District of New Jersey and elsewhere, defendant

YESHAYE EHRENTAL<br>
a/k/a "Yeshayahu Ehrental,"<br>
a/k/a "Yishay Ehrental,"

knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, and aided and assisted in the same, which business affected interstate and foreign commerce and (a) was operated without an appropriate money transmitting license in New Jersey and New York, where such operation was punishable as a misdemeanor or a felony under those States' laws; and (b) failed to comply with the money transmitting business registration

4

requirements under Title 31, United States Code, Section 5330 and regulations prescribed under that Section.

In violation of Title 18, United States Code, Section 1960 and Section 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982)

As the result of committing the aforementioned offense in violation of Title 18, United States Code, Section 1960, as alleged in this Information, defendant EHRENTAL shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, that was involved in such offense or that was traceable to such property, including but not limited to approximately $57,225 in U.S. currency that was seized from defendant EHRENTAL's office on or about July 23, 2009, in that such property was involved in such offenses, or traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of defendant EHRENTAL:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of defendant EHRENTAL up to the value of the above forfeitable property.

 

PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER:  10-  _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

YESHAYE EHRENTAL
a/k/a "Yeshayahu Ehrental"
a/k/a "Yishay Ehrental"

**INFORMATION**

18 U.S.C. § 1960
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)

PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

MAUREEN NAKLY
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
*(973) 645-2700*